**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:                                        Case No. 13-11244
                                              Hon. Gerald E. Rosen

AURELIA E. NETTLES,

                                              Bankruptcy Case No. 10-59874
        Debtor.                               Hon. Phillip J. Shefferly
                                              Chapter 13

_____/

**ORDER DENYING DEBTOR'S MOTION**
**FOR LEAVE TO APPEAL AND DISMISSING APPEAL**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____April 23, 2013_____

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

Debtor Aurelia E. Nettles commenced the above-captioned case on March 21, 2013, filing a *pro se* motion for leave to appeal from the Bankruptcy Court's February 11, 2013 order approving in part a fee application filed by Debtor's former law firm, Osipov Bigelman, P.C., as well as the Bankruptcy Court's February 21, 2013 order denying Debtor's motion for reconsideration of this fee award.  For the reasons stated briefly below, the Court finds that Debtor has failed to identify a basis for allowing her to pursue an immediate appeal of the Bankruptcy Court's interlocutory orders.

As observed by the Osipov firm, and as Debtor evidently recognizes, the Bankruptcy Court's interim compensation award to Debtor's former counsel is an interlocutory order that is not immediately appealable as of right.  *See In re Boddy,* 950

F.2d 334, 336 (6th Cir. 1991).  Accordingly, Debtor must proceed (as she has done) through a motion for leave to appeal, in which she must provide, among other things, a "statement of the reasons why an appeal should be granted."  Bankruptcy Rule 8003(a)(3).  In determining whether to grant leave to appeal from the Bankruptcy Court's interlocutory order, the Court considers the following factors:  (i) "whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion;" (ii) "whether an immediate appeal may materially advance the ultimate termination of the litigation;" and (iii) "whether denying leave would result in wasted litigation and expense."  *In re Eggleston Works Loudspeaker Co.,* 253 B.R. 519, 521 (B.A.P. 6th Cir. 2000); *see also In re PHM Credit Corp.,* 99 B.R. 762, 767-68 (E.D. Mich. 1989).

Debtor's motion for leave to appeal fails to address any of these factors, but the Court readily concludes that none of them is satisfied here.  First, the Bankruptcy Court's fee award does not involve a controlling question of law, but instead turns upon whether the court properly applied its "broad discretion" in determining the amount of fees to be awarded to the Osipov firm.  *In re Huhn,* 145 B.R. 872, 874 (W.D. Mich. 1992).  Next, there is no reason to believe that an immediate appeal would materially advance the ultimate termination of Debtor's bankruptcy proceedings, where the Osipov firm states without contradiction that it intends to file a final fee application.  Finally, in light of this final application that has yet to be filed, an interlocutory appeal would result in wasted expense to the parties and duplication of judicial resources, where there is a fair

2

probability that Debtor will seek to challenge any final fee award that the Bankruptcy Court might decide to issue.

In the end, Debtor's motion for leave to appeal rests solely on the contention that the Bankruptcy Court erred in awarding any fees whatsoever to the Osipov firm. Be that as it may, this challenge may be pursued upon the Bankruptcy Court's entry of an order that finally and conclusively determines the total amount of compensation to be paid to this firm. For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Debtor's March 21, 2013 motion for leave to appeal (docket #1) is DENIED. Accordingly, IT IS FURTHER ORDERED that the above-captioned case is DISMISSED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: April 23, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 23, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135